IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## ANTHONY J. FRALIX v. STATE OF TENNESSEE

**Circuit Court for Marshall County**
**No. 17631**

---

**No. M2008-02101-CCA-R3-PC - Filed February 9, 2009**

---

The Appellant appeals the trial court's dismissal of his petition for post conviction relief.  The Appellant filed his petition outside the statute of limitations.  Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JERRY L. SMITH, J., delivered the opinion of the court, in which THOMAS T. WOODALL, and ROBERT W. WEDEMEYER, J.J., joined.

Emeterio R. "Terry" Hernando, for the Appellant, Anthony J. Fralix.

Robert E. Cooper, Jr., Attorney General & Reporter, for the appellee, State of  Tennessee.

### MEMORANDUM OPINION

On September 6, 2006, the Appellant pled guilty to five counts of rape of a child and one count of statutory rape and accepted a sentence of fifteen years.  The Appellant filed a petition for post-conviction relief on June 21, 2007.  However, after consulting with his appointed counsel, the Appellant decided to withdraw his petition.  The Appellant signed an agreed order to that effect on October 26, 2007, and on November 1, 2007, the trial court entered an order dismissing the petition upon the Appellant's request.  The Appellant previously attempted to appeal the matter but this Court dismissed the appeal for lack of jurisdiction.  See Docket No. M2008-00250-CCA-R3-PC (Order, May 21, 2008).  On June 17, 2008, the Appellant re-filed the same post-conviction petition he originally withdrew.  The trial court again appointed counsel.  Following a hearing, the trial court concluded that the petition was filed outside the statute of limitations and dismissed the same.  The Appellant, by and through counsel, filed a notice of appeal.  However, appointed counsel now moves this Court pursuant to Court of Criminal Appeals Rule 22 to withdraw from further representation based upon his conclusion that the instant appeal is frivolous under Anders v. California, 386 U.S. 738 (1967).  The Appellant has

not responded. The Court agrees with counsel and hereby affirms the judgment of the trial court in accordance with Court of Criminal Appeals Rule 20.

The Appellant's post-conviction petition is clearly barred by the statute of limitations. Tennessee Code Annotated Section 40-30-102(a) provides that a petition for post-conviction relief must be filed within one year of final judgment. Section 40-30-109(c) further provides that the withdrawal of a timely filed petition "shall not toll the statute of limitations set forth in § 40-30-102." The Appellant filed the instant petition almost two years after the entry of his guilty pleas. The statute clearly mandates that the original filing, withdrawal and subsequent appeal of the first petition did not toll the running of the statute of limitations. The Post-Conviction Procedure Act enumerates few exceptions to this one year time limit. See Tenn. Code Ann. § 40-30-102(b). In order to qualify, the claim in the petition must be based upon a new rule of constitutional law requiring retrospective application, must be based upon new scientific evidence establishing actual innocence, or must assert relief from sentences which were enhanced because of a previous conviction that has subsequently found to be illegal. Id. However, the Appellant does not allege, and this Court does not find, the existence of any of these exceptions in this case.

The judgment of the trial court is affirmed in accordance with Court of Criminal Appeals Rule 20. Counsel's motion to withdraw is granted. The Appellant is hereby notified that he may petition the supreme court for review pursuant to Rule of Appellate Procedure 11. Any application for permission to appeal must be filed within sixty days of this opinion. The Clerk shall forward a copy of this opinion to the Appellant at his last known address.

_____
JERRY L. SMITH, JUDGE